HEARING DATE:  APRIL 16, 2019 AT 10:00 A.M.

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Robert L. Geltzer,*
*as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf, Esq.
rwolf@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
  In re

  **PANOS PAPADOPOULOS SERETIS,**

                                                                                    Chapter 7

                                                                                    Case No. 18-11852 (JLG)

                        **Debtor.**
-------------------------------------------------------------------X
**YANNIS (IOANIS) BONIKOS, DIMITRIOS**
**OIKONOMOPOULOS, and RIGEL SHAHOLLI,**

                        **Plaintiffs,**

                        v.                                                          Adv. Pro. No. 18-01637 (JLG)

**PANOS PAPADOPOULOS SERETIS,**

                        **Defendant.**
-------------------------------------------------------------------X

**CHAPTER 7 TRUSTEE'S RESPONSE AND OPPOSITION TO**
**DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT**
**OF NON-DISCHARGEABILITY ADVERSARY PROCEEDING**

**TO:  THE HONORABLE JAMES L. GARRITY JR.**
      **UNITED STATES BANKRUPTCY JUDGE**

Robert L. Geltzer, as Chapter 7 trustee (the "**Trustee**" or the "**Applicant**") of the debtor Panos Papadopoulos Seretis (the "**Debtor**") in the above-captioned case, by his Counsel, Tarter Krinsky & Drogin LLP, as and for the Trustee's response and opposition to the Debtor's motion

(the "**Motion**") for approval of the settlement of a non-dischargeability adversary proceeding, respectfully represents as follows:

1. The Debtor's Motion raises more questions than it answers. As noted in the Motion at ¶6, footnote 3, the Debtor originally proposed to the Trustee that the subject proposed $60,000.00 settlement amount would be paid through a loan to the Debtor's business. Specifically, the Debtor informed the Trustee that two named close friends of the Debtor would lend a total of the $60,000.00 to Monaco Group USA (of which, according to his amended schedules, the Debtor is the 96% owner, but in testimony at the Debtor's deposition in the FLSA case brought by the plaintiffs with whom he is now proposing to settle, the Debtor stated that he is the 100% owner), and that Monaco Group USA would, in turn, loan the $60,000.00 to the Debtor, from which the Debtor would make the settlement payment.

2. As correctly noted in the Motion at ¶6, footnote 3, the Trustee expressed his disapproval of such a settlement mechanism. The Trustee's disapproval was based upon, among other things, the fact that the Debtor thereby was proposing to take on substantially more debt than he already had while still in bankruptcy, without any approval by the Trustee or this Court to take on such debt, which debt might be secured by property of the Debtor's estate.

3. Now, by way of the instant Motion, the Debtor proposes to fund the $60,000.00 settlement by way of "gifts" from three "close friends." None of the names of those three "close friends" has been provided, nor has any information been provided as to the sources of the monies those three "close friends" will be giving as "gifts."

4. Rule 4007-2(b) of the Local Rules of this Court clearly states in pertinent part that "no adversary proceeding to determine the dischargeability of a debt shall be settled except pursuant to an order of the Court **after due inquiry into the circumstances of any settlement**,

including the terms of any agreement entered into between the debtor and creditor relating to the payment of the debt, in whole or in part." [Emphasis added.]

5. In accordance with the above-quoted portion of the Local Rule, the Trustee respectfully submits that this Court's inquiry into the circumstances of the proposed settlement should include an evidentiary hearing at which each of the three "close friends" of the Debtor be required to testify as to their relationship to the Debtor and the sources of the monies each of them is allegedly gifting to the Debtor for purposes of the settlement payment. The Trustee further submits that such testimony is necessary in order for this Court to be sure that the monies being provided to the Debtor are truly gifts and not the Debtor's or the estate's monies in any way, and that those three "close friends" have not received from, or on behalf of, the Debtor some promise or other quid pro quo for their "gifts."

Dated: April 9, 2019
New York, New York

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Robert L. Geltzer,*
*as Chapter 7 Trustee*

By:  /s/ Robert A. Wolf
Robert A. Wolf, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rwolf@tarterkrinsky.com