FOLEY & LARDNER LLP
Katherine R. Catanese
90 Park Avenue
29th Floor
New York, NY 10016-1314
Telephone: (212) 338-3566
Facsimile: (212) 687-2329
Email: kcatanese@foley.com
*Counsel for Panos Seretis*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

PANOS PAPADOPOULOS SERETIS

                Debtor.

Chapter 7

Case No. 18-11852-JLG

YANNIS (IOANIS) BONIKOS, RIGEL SHAHOLLI
AND DIMITIRIOS OIKONOMOPOULOS,

                Plaintiff,

-against-

PANOS SERETIS,

                Defendant.

Adv. Pro. No. 18-01637-JLG

**REPLY IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT OF NON-DISCHARGEABILITY ADVERSARY PROCEEDING**

      Panos Seretis (the "Debtor"), by and through his counsel, Foley & Lardner LLP files this

reply (the "Reply") in Support of Motion for Approval of Settlement of Non-Dischargeability

Adversary Proceeding (the "Motion") (D.E. 314) and states as follows:

4811-5017-5124.1

1. As noted in the Motion, the Debtor has diligently worked with Defendants[1] to resolve issues relating to sections 523 and 727 as raised in the Complaint. The proposed settlement agreement (the "Settlement Agreement") contemplates a $60,000 cash payment to resolve the section 523 portion of the claim (the "Section 523 Cash Payment"). When the Debtor filed his Motion, he attached the Settlement Agreement (D.E. #14-1), an affidavit in support of the Settlement Motion (the "Affidavit") (D.E. #14-2), as well as the Attorney's Certification (D.E. #14-3).

2. The Trustee insinuates that there is something nefarious going on by the Debtor entering into this settlement. First, the Trustee suggests that the Debtor was lying when he testified at a deposition that he was the 100 per cent owner of Monaco Group USA because his bankruptcy schedules state that he is only a 96 per cent owner. As explained in the attached Affirmation in Support (the "Affirmation"), at the time of the deposition, the Debtor believed he was testifying about the ownership of Monaco Group USA in 2016, at which time he was a 100 per cent owner. Affirmation, ¶ 9. By the time he filled out and filed his bankruptcy schedules, he owned only 96% if the shares. *Id.*

3. The Trustee suggests that the Debtor has something to hide by not disclosing the identity of his friends who are gifting him the Section 523 Cash Payment. The Trustee has never asked for this information and, had he, the Debtor would have provided it. Although the Trustee has not provided case law support or otherwise for whether this level of detail is required, and Debtor does not concede that it is required, see the attached Affirmation from the Debtor explaining that identity of his three friends and now also his brother and the rationale for why they are providing him these funds. Affirmation, ¶¶5-8.

---

[1] Any term not defined in this motion has the meaning attributed to it in the Settlement Motion.

4811-5017-5124.1

4. The Trustee also argues, again, without support, that the Debtor is not permitted to take on additional debt while still in bankruptcy. The Debtor contests this but, in any event, it is irrelevant because as both the Affidavit attached to the Motion and the Affirmation clearly state, the Section 523 Cash Payment is a gift—the Debtor is not taking on more debt. *Id.*

5. The Trustee then argues, again without support, that this Court hold a full evidentiary hearing and require each of the Debtor's friends to testify as to their relationship to the Debtor and the source of money that they are using to gift the Debtor. However, this is a guaranteed way to prevent the settlement from going forward—these individuals are business people and have stressful and exhausting schedules, often including travel, in addition to taking care of their families. Affirmation ¶. Requiring them to appear in court to testify, where they will likely hire counsel to represent them incurring additional cost and expense, will likely cause them to withdraw their offer to gift money to the Debtor and destroy any chance at a settlement in this action. Such a burden is not required by the rules and is duplicative as the Debtor has affirmed these facts in the Affirmation.

6. None of the objections set forth by the Trustee is a basis for denying the settlement set forth in the Motion.

Dated: April 12, 2019

Respectfully Submitted,

*/s/ Katherine R. Catanese*
Katherine R. Catanese
Foley & Lardner - New York
90 Park Avenue
New York, NY 10016-1314
212-682-7474 Fax:212-687-2329
kcatanese@foley.com

4811-5017-5124.1